IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAITLAN SHOOP, individually and on behalf of all others similarly situated, | CIVIL ACTION |
| Plaintiffs, | No. 2:21-cv-00732-MJH |
| v. | |
| JUSTICEWORKS YOUTHCARE, INC., a Pennsylvania Corporation, | |
| Defendant. | |

**JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS ACTION**

NOW COME the Plaintiffs and Defendant, by and through their undersigned counsel, and file the within Joint Motion to Approve Settlement and Dismiss Action as follows:

1. On June 3, 2021, former Plaintiff, Leah Ellenberger, instituted this action against Defendant, alleging violations of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"). The gravamen of the Complaint is that Defendant misclassified Plaintiff and other family resource specialists ("FRSs") as "exempt" employees under the FLSA and failed to pay Plaintiff and other similarly situated FRSs overtime compensation as a result. *See* Dkt. 1. Defendant responded to the Complaint by denying all substantive allegations and averring that Ellenberger and any similarly-situated FRSs were actually classified as "non-exempt" and paid overtime. *See* Dkt. 7.

2. Thereafter, Caitlin Shoop joined this action as a plaintiff, Ellenberger withdrew as a Plaintiff in the case, and Shoop became lead Plaintiff. *See* Dkt. 23. This action was restyled as *Caitlan Shoop v. JusticeWorks YouthCare, Inc.* and continued in the same court and under the same case number. On August 26, 2021, Shoop filed a First Amended Class and Collective Action

Complaint, again under the FLSA and PMWA. The Amended Complaint was no longer based upon allegations of misclassification and, instead, alleged that Shoop and other similarly-situated FRSs were forced to work off the clock. *See* Dkt. 25. Defendant again denied all substantive allegations. *See* Dkt. 26.

3. Plaintiffs Philicia Nichols, Katherine Alcantara, Amanda Deaner, Danielle Lillie, and Kelly Abrahamson subsequently opted into this action (Shoop, together with Nichols, Alacantara, Deaner, Lillie, and Abrahamson, shall hereafter be referred to as "Plaintiffs"). The case was actively litigated and briefed through conditional class certification. On June 1, 2022, this Court denied the Plaintiff's Motion for Conditional Certification. *See* Dkt. 61.

4. After lengthy and extensive negotiations, the Parties reached a settlement of this case. A copy of the fully-executed Agreement and General Release ("Settlement Agreement") is attached hereto as Exhibit A.[1]

5. The Parties seek the Court's review of their settlement to give it final and binding effect. *See Mesta v. Citizens Bank, N.A.*, No. 2:14-CV-00703-LPL, 2015 WL 4039358, at *1 (W.D. Pa. June 30, 2015) (citing *Lynn's Food Stores, Inc. v. US. ex rel U.S. Dep't. of Labor*, 679 F.2d 1350 (11th Cir. 1982)).

6. Experienced counsel represented all Parties. During litigation over conditional class certification, each Party had the opportunity to engage in discovery and to brief for this Court their claims and defenses. During settlement negotiations, the Parties continued to vet their positions

---

[1] The Parties discovered that Shoop's first name is misspelled in the Settlement Agreement. Rather that re-executing the Settlement Agreement and delaying the conclusion of this matter, the Parties are confirming the misspelling and affirming that "Caitlin Shoop" in the Settlement Agreement is intended to be "Caitlan Shoop." By subsequent amendment to the Settlement Agreement, Parmet PC will be paid the settlement amount that was originally designated to be paid to The Hedgpeth Law Firm.

2

and engaged in negotiations at arms' length. *See Kapolka v. Anchor Drilling Fluids USA, LLC*, No. 2:18-CV-01007-NR, 2019 WL 5394751, at *2 (W.D. Pa. Oct. 22, 2019) ("When the proposed settlement results from arm's length negotiation between competent counsel, the Court begins with a 'strong presumption in favor of finding [the] settlement fair[.]'"). As a result, the Parties reached agreement on the material terms of a settlement of Plaintiffs' claims and executed the attached Settlement Agreement.

7. Although Plaintiffs' lawsuit was originally presented as a possible class and collective action, Plaintiffs failed to attain conditional certification and no such class has been certified by the Court. Therefore, Plaintiffs are the only parties to the Settlement Agreement. The rights of the putative class and collective action members are not affected or prejudiced by the Settlement Agreement.

8. In exchange for the promises, agreements, and legal releases stated in the Settlement Agreement, Plaintiffs and their counsel will receive the sum of Fifteen Thousand Dollars ($15,000.00) in full and complete satisfaction of all claims in this action. Plaintiffs have agreed to release Defendants from any and all wage and hour and wage payment claims under federal, state, and local law. In the settlement, Defendant does not admit wrongdoing or liability regarding Plaintiffs' claims, including, but not limited to, claims that Plaintiffs and/or any putative class or collective action members are or were forced to work off the clock.

9. This settlement represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Kapolka*, 2019 WL 5394751, at *1 (W.D. Pa. Oct. 22, 2019) (quoting *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012) (internal quotation marks omitted)).

10. In this case, there is a bona fide dispute regarding the number of hours worked by Plaintiffs, whether Plaintiffs were paid for all overtime hours worked, and the extent of any damages under the FLSA and the PMWA. Despite these disagreements, the Parties have reached a compromise that reflects the positions of the Parties with respect to potential litigation costs and risks for each.

11. The settlement amount represents a negotiated compromise that takes into account Plaintiffs' calculated potential damages, the risk to and expense of the Parties, and the uncertainty of litigation. *See Leap v. Yoshida*, No. CV 14-3650, 2016 WL 1730693, at *9 (E.D. Pa. May 2, 2016) (finding "settlement clearly reflects a compromise over issues that are actually in dispute" where parties remained in disagreement over FLSA liability and settlement agreement reflected risks for both parties of further litigation).

12. The complexity, expense, and likely duration of further litigation and the Parties' analysis of the potential damages all support the conclusion that the Settlement Agreement is fair and reasonable.

WHEREFORE, the Parties therefore request that this Honorable Court grant this Motion and approve the Settlement Agreement as fair and reasonable and dismiss the case with prejudice.

Dated: May 26, 2023                                   Respectfully submitted,

**Counsel for Plaintiffs:**                            **Counsel for Defendant:**

*/s/ Travis M. Hedgpeth*                              */s/ Suzanne L. DeWalt*

Matthew S. Parmet                                     Suzanne L. DeWalt
TX Bar # 24069719                                     Pa. I.D. #42072
**Parmet PC**                                         **Sherrard, German and Kelly, PC**
3 Riverway, Ste. 1910                                 535 Smithfield Street, Ste. 300
Houston, TX  77056                                    Pittsburgh, PA 15222
713.999.5228                                          412.258.6728
matt@parmet.law                                       412.261.6221 (Fax)
                                                      sld@sgkpc.com

Joshua P. Geist (PA ID No. 85745)
**Goodrich & Geist, PC**

3634 California Avenue
Pittsburgh, PA 15212
(412) 766-1455
(412) 766-0300 (fax)

Travis M. Hedgpeth
**The Hedgpeth Law Firm, PC**
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
(281) 572-0727
(281) 572-0728 (fax)

Jack Siegel
Stacy Thomsen
**Siegel Law Group PLLC**
2820 McKinnon, Suite 5009
Dallas, Texas 75201
(214) 790-4454

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAITLAN SHOOP, individually and on behalf of all others similarly situated, | CIVIL ACTION |
| Plaintiffs, | No. 2:21-cv-00732-MJH |
| v. | |
| JUSTICEWORKS YOUTHCARE, INC., a Pennsylvania Corporation, | |
| Defendant. | |

### ORDER OF COURT

Upon consideration of the Parties' Joint Motion to Approve Settlement and Dismiss Case, it is hereby ORDERED this _____ day of _____, 2023 that said Motion is GRANTED. The Court finds the settlement to be fair, reasonable, and adequate. The Parties shall proceed in accordance with the Settlement Agreement.

The instant action is hereby dismissed with prejudice. The Court shall maintain jurisdiction over the enforcement of the Parties' Settlement Agreement.

_____
Marilyn J. Horan
United States District Judge