Case 2:21-cv-00732-MJH   Document 74-1   Filed 05/26/23   Page 1 of 6
DocuSign Envelope ID: 7DA75F9D-4722-472F-9C77-38EE3F772562

**EXHIBIT A**

## AGREEMENT AND GENERAL RELEASE

**THIS AGREEMENT** ("Agreement") dated as of the 19th day of May, 2023,

### BY AND BETWEEN

**JUSTICEWORKS YOUTHCARE, INC.** ("JusticeWorks"),

### AND

**CAITLIN SHOOP, PHILICIA NICHOLS, KATHERINE ALCANTARA, AMANDA DEANER, KELLY ABRAHAMSON, AND DANIELLE LILLIE** (singularly, "Plaintiff" and collectively, "Plaintiffs")

### WITNESSETH:

**WHEREAS**, Leah Ellenberger filed a class and collective action lawsuit styled *Leah Ellenberger v. JusticeWorks YouthCare, Inc.* and pending in the United States District Court for the Western District of Pennsylvania, at No. 2:21-cv-00732-MJH (the "Lawsuit") in which Ms. Ellenberger alleged violations of the Fair Labor Standards Act and Pennsylvania Minimum Wage Act; and

**WHEREAS**, Plaintiff Caitlan Shoop opted into the Lawsuit and Ms. Ellenberger voluntarily withdrew as a Plaintiff in the Lawsuit and the Lawsuit was restyled as *Caitlan Shoop v. JusticeWorks YouthCare, Inc.* and continued in the same court and under the same case number;

**WHEREAS**, Plaintiffs Philicia Nichols, Katherine Alcantara, Amanda Deaner, and Kelly Abrahamson subsequently opted into the Lawsuit;

**WHEREAS**, the Court denied Plaintiffs' Motion for Conditional Class Certification filed in the Lawsuit on or about Mary 31, 2022; and

**WHEREAS**, the parties desire to resolve the Lawsuit without the expenditure of further legal fees or costs.

**NOW, THEREFORE,** in consideration of the mutual covenants herein contained and intending to be legally bound hereby, the parties hereto for themselves and their respective heirs, personal representatives, successors and assigns, hereby agree as follows:

1

1.  **Plaintiffs' Releases and Acknowledgements.**

    (a)  Each Plaintiff, for Plaintiff and Plaintiff's heirs, administrators, and assigns, irrevocably and unconditionally hereby waives all wage and hour and wage payment claims available under federal, state or local law against JusticeWorks and its past and present parents, partners, subsidiaries and affiliates, and each such entity's respective directors, officers, employees, agents, contractors, insurers and reinsurers, and employee benefit plans (and the trustees, administrators, fiduciaries, insurers and reinsurers of such plans) and all of their heirs, executors, administrators, representatives, successors and assigns, including but not limited to all claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43P.S. § 333.101, *et seq.*, and all common law theories for overtime compensation, straight time, minimum wages, wage deductions, expense reimbursement, liquidated damages, penalties and interest and attorneys' fees/costs.

    (b)  Plaintiff Kelly Abrahamson, for herself and her heirs, administrators, and assigns, irrevocably and unconditionally hereby waives any and all claims against JusticeWorks relating to breach of express, implied or oral contract. The parties agree that this subpart (b) is not to be deemed and is not intended to be either an admission or denial that any other Plaintiff has a viable breach of express, implied, or oral contract.

    (c)  All Plaintiffs shall dismiss the Lawsuit in its entirety, with prejudice, within three (3) business days of the Plaintiffs' lawyer's receipt of the payments set forth in Paragraph 2(a) and each Plaintiff shall cooperate in such dismissal.

    (d)  Each Plaintiff acknowledges that with the payments set forth in Paragraph 2(a), JusticeWorks shall have paid Plaintiff in full.

2.  **Payment of Consideration.**

    In consideration of the covenants contained in this Agreement, JusticeWorks agrees to do the following under the express condition that each Plaintiff does not revoke any of the releases set forth in Paragraph 1 of this Agreement:

    (a)  JusticeWorks shall pay Plaintiffs a settlement payment in the gross amount of **Fifteen Thousand Dollars and No Cents ($15,000.00)** within ten (10) business days after the Effective Date (as that term is defined in Paragraph 4 below) and payable as follows:

        (i)  A single lump sum, from which all federal, state and local withholding as required by law shall be made and payable to each Plaintiff in the below specific amounts, which are gross amounts from which the withholdings shall be made as set forth below:

    CAITLIN SHOOP: $1,431.33
    PHILICIA NICHOLS: $1,431.33
    KATHERINE ALCANTARA: $1,431.33
    AMANDA DEANER: $1,431.33
    KELLY ABRAHAMSON: $1,431.33
    DANIELLE LILLIE: $1,431.33

The payments to each of the Plaintiffs set forth above shall be treated as 50% wages, which shall be subject to all applicable withholdings and reflected on an Internal Revenue Service Form W-2, and 50% as liquidated damages, which shall not be subject to withholding and shall be reflected on an Internal Revenue Service Form 1099 (such treatment without admission by JusticeWorks of any liability, wrongdoing or violation of any law). Each Plaintiff shall be solely responsible for the payment of any and all taxes on the amount of the payment reflected on the Form 1099.

    (ii) A single lump sum in the amount of $6,812.02, which shall be reflected on an Internal Revenue Service Form 1099 shall be payable to The Hedgpeth Law Firm, P.C., Plaintiffs' attorneys, on Plaintiffs' behalf.

    (b) JusticeWorks and Plaintiffs agree that the payments made under Paragraph 2(a) are in satisfaction of a disputed claim and that nothing in this Agreement, including JusticeWorks's entry into it, is intended to constitute an admission and shall not be deemed to be an admission.

    (c) Nothing contained in this Agreement, or the payments contemplated in it shall be interpreted to be inconsistent with the fact that none of the Plaintiffs has been an employee of JusticeWorks since before the filing of the Lawsuit.

    3. **Returning JusticeWorks's Property, Maintaining Confidentiality, Destruction of Discovery.**

    (a) Each Plaintiff agrees to return or destroy all JusticeWorks property and confidential and proprietary information which may be in Plaintiff's possession including, but not limited to supplier lists, contact lists, client information and data, proprietary, confidential or secret information, customer lists, customer file information, product information and data, financial matters, competitive status, organizational matters, technical capabilities, marketing and distribution plans, customer or supplier data, strategies, processes, books, computer hardware, software, diskettes, notes, drives, reports, work products, and any other information prepared for JusticeWorks by Plaintiff or at Plaintiff's or JusticeWorks's direction (collectively, "Confidential and Proprietary Information"). Each Plaintiff shall also delete all Confidential and Proprietary Information from any personal electronic files, including, without limitation, information or files maintained in any personal computer, tablet, cellular phone, PDA, blackberry or

other electronic device. Such deletions shall be done in a manner that will not allow them to be recovered or duplicated. All such property shall be returned, and deletions made by the Effective Date. Each Plaintiff further agrees not to use or apply Confidential or Proprietary Information for Plaintiff's own advantage or for the benefit of any person or entity except JusticeWorks and its affiliates and agrees not to disclose, divulge or disseminate Confidential or Proprietary Information or any other customer or product information to anyone not affiliated with JusticeWorks, except with the prior written consent of JusticeWorks.

(b)  Each Plaintiff agrees to direct all Plaintiffs' counsel in the Lawsuit to destroy in a manner that will not allow recovery all discovery produced by JusticeWorks in the Lawsuit, including all copies thereof. Each Plaintiff shall further cause Plaintiffs' counsel to provide an adequate written assurance to JusticeWorks' counsel of full compliance with this Paragraph 3(b).

4.  **Plaintiff's Refusal to Execute Agreement.**

Should any Plaintiff(s) fail or refuse to execute this Agreement, the consideration that JusticeWorks pays in Section 2(a) shall be reduced by the amount designated to be paid to any such Plaintiff(s) and this Agreement and settlement contemplated hereunder shall proceed with and be binding upon those Plaintiffs who do execute this Agreement.

5.  **Miscellaneous.**

(a)  There are no understandings between the parties regarding this Agreement other than as specifically set forth herein and there have been no promises, inducements or commitments made to or by JusticeWorks in conjunction with this Agreement that are not explicitly set forth herein.

(b)  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

(c)  This Agreement supersedes any and all other agreements, either oral or in writing, between the parties hereto with respect to the employment of each Plaintiff by JusticeWorks and the termination of such employment and contains all of the covenants and agreements between the parties with respect to such employment and the termination thereof; provided however, that this subsection (c) shall not apply to or supersede the Separation Agreement and General Release entered into by and between Leah Ellenberger and JusticeWorks. No alterations, amendments, changes, or additions to this Agreement will be binding upon either JusticeWorks or a Plaintiff unless reduced to writing and signed by both parties. No waiver of any right arising under this Agreement made by either party will be valid unless given in writing and signed by both parties.

(d)  This Agreement is binding upon the parties hereto and their respective heirs, personal representatives, successors, affiliates and assigns.

(e)  By each Plaintiff's execution of this Agreement, each Plaintiff expressly understands, covenants and agrees that Plaintiff will not apply for or seek in any way to be employed, hired, recalled or reinstated by the JusticeWorks (or its related companies, parents, divisions, or subsidiaries or affiliates) now or in the future; and each Plaintiff covenants and agrees that JusticeWorks (or its parents, divisions, subsidiaries, or affiliates) will not ever be obligated to employ or reemploy Plaintiff or engage Plaintiff's services.

(f)  The provisions of this Agreement are severable. Additionally, and without limiting the breadth of the Agreement's severability, the provisions within Paragraph 1 of the Agreement are expressly severable. Any provision of this Agreement or portion thereof which is held to be prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability, without invalidating the remaining portion of any such provision or this Agreement as a whole, and without affecting the validity or enforceability of such provision in any other jurisdiction.

(g)  All parties represent and warrant that each is fully capable of performing all obligations required under this Agreement and has not assigned or otherwise alienated any right or obligation that in any manner would reduce or undermine the full implementation and effect of this Agreement.

6.  **Right to Seek Counsel of Attorney.**

**EACH PLAINTIFF ACKNOWLEDGES THAT PLAINTIFF HAS FULLY READ AND FULLY UNDERSTOOD THIS AGREEMENT; THAT PLAINTIFF ENTERED INTO IT FREELY AND VOLUNTARILY AND WITHOUT COERCION OR PROMISES NOT CONTAINED IN THIS AGREEMENT; THAT PLAINTIFF WAS GIVEN THE OPPORTUNITY TO REVIEW THIS AGREEMENT WITH LEGAL COUNSEL OF PLAINTIFF'S CHOICE BEFORE SIGNING IT, AND THAT PLAINTIFF WAS ENCOURAGED AND ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING IT.**

**IN WITNESS WHEREOF**, the parties hereto intending to be legally bound have set their hands and seals on the date written above.

| **PLAINTIFFS** | **JUSTICEWORKS YOUTHCARE, INC.** |
|---|---|
| */s/ Caitlin Shoop* | By: */s/ Matthew Davin* |
| Caitlin Shoop | Matthew Davin, Chief Financial Officer |
| */s/ Philicia Nichols* | |
| Philicia Nichols | |
| */s/ Katherine Alcantara* | |
| Katherine Alcantara | |
| */s/ Amanda Deaner* | |
| Amanda Deaner | |
| */s/ Kelly Abrahamson* | |
| Kelly Abrahamson | |
| */s/ Danielle Lillie* | |
| Danielle Lillie | |